DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, T.H., appeals an order of the Summit County Court of Common Pleas, Juvenile Division, that classified him as a Tier III juvenile offender registrant under the provisions of the Adam Walsh Act (AW A). This Court affirms.
 {¶ 2} On June 4, 2007, T.H. was adjudicated delinquent by virtue of committing rape in violation of R.C. 2907.02(A)(2), which is a felony of the first degree when committed by an adult. The trial court committed T.H. to the custody of the Ohio Department of Youth Services for a minimum period of one year. On March 3, 2008, prior to his release, the trial court conducted a hearing for the purpose of determining T.H.'s classification pursuant to the AWA. T.H. opposed the classification by filing a written objection to the constitutionality of the AWA. On March 4, 2008, the trial court overruled T.H.'s objections and classified him as a Tier III offender. The trial court did not classify T.H. as a public registry qualified juvenile and did not *Page 2 
order that T.H. is subject to the community and victim notification provisions of the AWA. T.H. timely appealed.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT OVERRULED THE JUVENILE'S MOTION THAT THE ADAM WALSH ACT, PASSED AS OHIO AMENDED SENATE BILL 10, BE DEEMED UNCONSTITUTIONAL AS A VIOLATION OF THE SEPARATION OF POWER PROVISIONS[.]"
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT OVERRULED THE JUVENILE'S MOTION THAT THE ADAM WALSH ACT, PASSED AS OHIO AMENDED SENTATE [SIC] BILL 10, BE DEEMED UNCONSTITUTIONAL AS A VIOLATION OF THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 {¶ 3} T.H.'s first and second assignments of error are that the AWA is unconstitutional because it violates the Retroactivity Clause of the Ohio Constitution and operates as an ex post facto law in violation of Article I, Section 10 of the United States Constitution. He has also argued that the AWA violates the separation of powers doctrine by eliminating the discretion of trial courts to classify sex offenders.
 {¶ 4} In In re G.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, this Court considered each of T.H.'s arguments with respect to a juvenile offender and found them to be without merit. T.H.'s assignments of error are therefore overruled on the authority of In re G.E.S.
 {¶ 5} T.H.'s assignments of error are overruled, and the judgment of the trial court is affirmed.
 Judgment affirmed. *Page 3 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1