DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, E.B., appeals from the decision of the Summit County Juvenile Court classifying him as a Tier II juvenile offender registrant under the provisions of the Adam Walsh Act ("AWA"). We affirm.
 I. {¶ 2} On February 28, 2006, a complaint was filed against E.B., alleging that he was delinquent for having committed the offenses of attempted rape in violation of R.C. 2923.02, and R.C. 2907.02, a first degree felony if committed by an adult, kidnapping in violation of R.C. 2905.01, a second degree felony if committed by an adult, and gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony if committed by an adult. On April 26, 2006, a second complaint was filed against E.B., alleging gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony if committed by an adult. *Page 2 
 {¶ 3} On May 18, 2006, a magistrate held a trial on both complaints. On June 23, 2006, the magistrate adjudicated E.B. a delinquent child by reason of committing the offenses of kidnapping and attempted gross sexual imposition as stated in the February 28, 2006 complaint. The attempted rape charge was dismissed. E.B. was committed to the Ohio Department of Youth Services for a minimum period of one year or until his 21st birthday. With regard to the April 26, 2006 complaint, E.B. was adjudicated a delinquent for committing the offense of gross sexual imposition and committed to Youth Services for a concurrent period of six months or until his 21st birthday.
 {¶ 4} E.B. filed objections in both cases, which the trial court overruled. E.B. filed a motion to reopen his objections to the magistrate's decision, and on August 4, 2006, the trial court granted the motion and ordered the objections to be reconsidered. On October 4, 2006, the trial court adopted the magistrate's decision and overruled the objections.
 {¶ 5} On February 26, 2008, the trial court held a sexual offender classification hearing. In its judgment entry, the trial court found that E.B. should be classified as a juvenile sex offender registrant. See R.C. 2152.83(B). The trial court determined that E.B. was a Tier II sex offender under the AWA. The trial court did not classify E.B. as a public registry qualified juvenile and did not order that he was subject to the community and victim notification provisions of the AWA. Moreover, the trial court specifically denied E.B.'s claims that the AWA is unconstitutional. E.B. timely appealed from this classification, raising two assignments of error for our review. We have combined E.B.'s assigned errors for ease of review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT OVERRULED [E.B.'S] MOTION THAT THE ADAM WALSH ACT, PASSED AS OHIO AMENDED SENATE *Page 3 
BILL 10, BE DEEMED UNCONSTITUTIONAL AS A VIOLATION OF THE SEPARATION OF POWERS PROVISION."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED WHEN IT OVERRULED [E.B.'S] MOTION THAT THE ADAM WALSH ACT, PASSED AS OHIO AMMENDED (SIC) SENATE BILL 10, BE DEEMED UNCONSTITUTIONAL AS A VIOLATION OF THE EX POST FACTO CLAUS (SIC) OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 {¶ 6} In his assignments of error, E.B. contends that the AWA is unconstitutional as it violates the Retroactivity Clause of the Ohio Constitution and operates as an ex post facto law. He further contends that the AWA is unconstitutional because it violates the separation of powers doctrine. We do not agree.
 {¶ 7} In In re G.E.S., 9th Dist. No. 24079, 2008-Ohio-4076, this Court considered E.B.'s claims that, with respect to juvenile offenders, the AWA violates the constitution. We determined that the arguments were without merit. Id., see, also, In re T.H., 9th Dist. No. 24147,2008-Ohio-4843, at ¶ 4. E.B.'s "assignments of error are therefore overruled on the authority of In re G.E.S." In re T.H., supra, at ¶ 4.
 {¶ 8} Accordingly, E.B.'s assignments of error are overruled.
 III. {¶ 9} E.B.'s assignments of error are overruled and the judgment of the Summit County Juvenile Court is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 4 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. WHITMORE, J. CONCUR *Page 1